Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
atreanor@harrisandruble.com

David S. Harris (SBN 215224)
NORTH BAY LAW GROUP
116 East Blithedale Avenue, Suite 2
Mill Valley, California 94941
Telephone: 415.388.8788
Facsimile: 415.388.8770
dsh@northbaylawgroup.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARAH R. SEIELSTAD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AEGIS SENIOR COMMUNITIES, LLC,<br><br>Defendant. | Case No. 09-01797 MMC<br><br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS- AND COLLECTIVE-ACTION SETTLEMENT<br><br>*Assigned to Hon. Maxine M. Chesney* |
| KENNYON MORRIS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AEGIS SENIOR COMMUNITIES, LLC,<br><br>Defendant. | Case No. 10-2060 MMC<br><br>*Assigned to Hon. Maxine M. Chesney*<br><br>Date: September 30, 2011<br>Time: 9:00 a.m.<br>Place: Courtroom 7, 450 Golden Gate Avenue, San Francisco, California 94102 |

1
[PROPOSED] ORDER GRANTING FINAL APPROVAL

This matter came before the Court for hearing on September 30, 2011, pursuant to the April 15, 2011, Order Preliminarily Approving Class- and Collective-Action Settlement, Conditionally Certifying Settlement Class, Approving Form of Notice, and Scheduling a Fairness Hearing ("Preliminary Approval Order"). Due and adequate notice having been given to the Classes as defined in and required by the Preliminary Approval Order, the Court having considered all papers filed and otherwise being fully informed, and good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. All capitalized terms used herein (unless otherwise indicated) shall have the same meaning as defined in the Joint Stipulation and Settlement Agreement and Release of Claims ("Settlement" or "Settlement Agreement").

2. The two Settlement Classes conditionally certified in the Preliminary Approval Order are confirmed pursuant to Federal Rule of Civil Procedure 23 and to 29 U.S.C. § 216(b). Specifically, Settlement Class A consists of all current and former non-exempt, hourly paid California employees of Defendant performing care-manager duties in the position of lead care manager, care manager, medical care manager, and medical technician from April 24, 2005, to and including April 15, 2011; Settlement Class B consists of all former California employees of Defendant who were terminated from Defendant's employment between the time period April 24, 2005, to and including April 15, 2011.

3. This Court has jurisdiction over the subject matter of each of the claims asserted in the operative Complaints in the above-captioned actions, as well as personal jurisdiction over the parties to those actions, including the Settlement Class Members.

4. Notice to the Settlement Class, including both (a) the mailing of the Class Notice and Claim Form as set forth in the Settlement and (b) the establishment of a website by the Claims Administrator, has been completed in conformity with the Preliminary Approval Order. The Court finds that this notice was the best notice practicable under the circumstances, that it provided due and adequate notice of the proceedings and of the matters set forth therein, and that it fully satisfies the requirements

of law and due process. The Court bases this finding, in part, on the Claims Administrator's extensive efforts not only in initially mailing Class Notice and Claim Forms to Class Members, but in re-mailing undelivered Class Notices and Claim Forms to Class Members, utilizing a third-party locator service to update Class Members' addresses, receiving and responding to telephone calls from inquiring Class Members, and maintaining the website containing information about the case.

5. The Court hereby approves the Settlement, including the Individual Settlement Payments to be made to Settlement Class Members who filed claims and the release specified in the Settlement. The Court finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settling Parties, including the Representative Plaintiffs and the Settlement Class. The Court also finds that the Settlement Class is properly certified as a class for purposes of this Settlement and that relief with respect to the Settlement Class as a whole is appropriate.

6. In making the determination that the Settlement is fair, reasonable, and adequate, the Court has considered (a) the strengths and weaknesses in Plaintiffs' case, including the presence of substantial issues in dispute; (b) the risks, expense, complexity, and likely duration of further litigation; (c) the risks to Plaintiffs of establishing and maintaining class-action status; (d) the monetary amount of the Settlement, including the amounts of the Individual Settlement Payments; (e) the extent of both formal and informal discovery that has been conducted by the parties; and (f) the views of the Settling Parties' respective counsel, both of whom are experienced in complex class-action litigation of this nature. Furthermore, this Court notes that not a single objection was filed to the Settlement and that only six individuals elected to exclude themselves. These additional factors lead the Court to conclude that the Settlement is fair, reasonable, adequate, and supported by the Class.

7. As of the date of final approval of the Settlement, each and every Released Claim (as defined in the Settlement Agreement) of every Settlement Class Member who did not timely exclude himself or herself from the Settlement is conclusively released as

to the Released Parties. Accordingly, only those six individuals identified by the Claims Administrator as having requested exclusion from the Settlement shall be deemed to have properly requested exclusion. The six excluded individuals are specifically identified on the opt-out forms attached hereto as Exhibit A. Other than these individuals, all Settlement Class Members are permanently enjoined and restrained from commencing or prosecuting any released claims in any jurisdiction or court against the Released Parties.

8. The Settlement does not constitute an admission or concession by Defendant, nor does this Order or the Judgment that accompanies it constitute a finding of any kind as to the validity of any claims asserted in the operative Complaints or of any wrongdoing on the part of Defendant. Furthermore, the Settlement shall not be used in any way or for any purpose as an admission of any fault, omission, or wrongdoing on the part of Defendant. Accordingly, neither the Settlement nor any of the negotiations or proceedings related thereto shall be considered as, or deemed to be evidence of, a concession or admission with regard to the denials or defenses of Defendant. Likewise, neither the Settlement nor any of the negotiations or proceedings related thereto shall be offered in evidence in any action or proceeding against Defendant in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of this Order, the Judgment, or the Settlement.

9. Alan Harris and David Zelenski of the firm of Harris & Ruble, along with David Harris of North Bay Law Group, having been appointed as Class Counsel by the Preliminary Approval Order, are hereby confirmed as Class Counsel. Class Counsel have adequately represented the Settlement Class herein. Similarly, Tamarah Seielstad, Kennyon Morris, and Karen Jiron, all of whom had been appointed as Representative Plaintiffs by the Preliminary Approval Order, are confirmed as Representative Plaintiffs, having adequately represented the Settlement Class herein.

10. In accordance with the Settlement, Class Counsel have requested that the Representative Plaintiffs receive Enhancement Payments as follows: $15,000 to Plaintiff Seielstad, $5,000 to Plaintiff Morris, and $5,000 to Plaintiff Jiron. The Court hereby

awards them the requested amounts based on its finding that the amounts awarded are reasonable under the circumstances.

11. Pursuant to the Settlement, Class Counsel have requested an award of attorney's fees and costs in the amount of $312,648.55, consisting of fees in the amount of $300,000.00 and costs in the amount of $12,648.55. The requested awards of fees and costs are granted, based on the Court's findings that the amounts requested are fair and reasonable under the circumstances, are supported by sufficient records, and are supported by the lodestar crosscheck. The Court also awards the Claims Administrator its costs and fees in the requested amount of $36,435.61.

12. In accordance with the accompanying Judgment, the Court hereby dismisses this action against Defendant on the merits and with prejudice and without costs other than as provided in the Settlement.

13. Without affecting the finality of this Order or the Judgment in any way, the Court hereby retains continuing jurisdiction over (a) the implementation of the Settlement, (b) the payment of the amount of reasonable attorney's fees and costs to be awarded to Class Counsel as provided in the Settlement, and (c) all Parties hereto for the purpose of enforcing and administering the Settlement.

**IT IS SO ORDERED.**

DATED:  January 17, 2012

_Maxine M. Chesney_
U.S. District Court Judge

# EXHIBIT A



Case Administration Statistics - **CONFIDENTIAL**
Case Name - *Seielstad v. Aegis Senior Communities LLC*

**Exclusions Received as of September 16, 2011**

| Gilardi ClaimID | FirstName | LastName | City | State | OptOut |
|---|---|---|---|---|---|
| SLSTAD120018576 | CYNTHIA | CAMPBELL | PASO ROBLES | CA | 8/24/2011 |
| SLSTAD120019734 | DEBORAH | CHESTER | INDIO | CA | 8/29/2011 |
| SLSTAD130001013 | FABIOLA | HEINDEL | PLEASANT HILL | CA | 7/18/2011 |
| SLSTAD130019877 | SHANNON | MASSEY | PACIFICA | CA | 6/10/2011 |
| SLSTAD120018703 | CECILIA | OJEDA DE POLO | IRVINE | CA | 6/10/2011 |
| SLSTAD120000138 | CHRISTINE | SCHOONVELD | SACRAMENTO | CA | 6/29/2011 |

2001857 ✓

August 12, 2011

Aegis Claims Administration
c/o Gilardi & Co. LLC
P.O. Box 8090
San Rafael, CA 94912-8090

**Re:** *Seielstad v. Aegis Senior Communities, LLC,* **Case No. CV-09-1797 MMC**
*Morris v. Aegis Senior Communities, LLC,* **Case No. CV-10-2060 MMC**
**Request to be Excluded from Settlement**

To whom it may concern:

  This letter is to confirm that I request to be excluded from the settlement in the above referenced cases. As requested, my contact information is: Cynthia Campbell, Paso Robles, CA 93446;

Sincerely,

*[signature]*
Cynthia Campbell

*OPT OUT*
*#20019734*
*8/29/11*
*?()*

August 28, 2011

Aegis Claims Administration
c/o Gilardi and Co. LLC
P.O. Box 8090
San Rafael, CA 94912-8090

To Whom it May Concern:

I write to formally opt out—meaning I request to be excluded from the Settlement in *Seielstad* and *Morris*.

My name is Deborah Chester. My address is                         , Indio, CA 92203; my phone number is                  The names of the cases are Seielstad v Aegis Senior Communities, LLC, Case No. CV-09-1797 MMC and Morris v. Aegis Senior Communities, LLC, Case No. CV-10-2060-MMC.

In following what I understand from page 6 of the Notice to Class of Proposed Settlement of Collective and Class Action I am forwarding this request to be excluded and the information you all requested so as to ensure that any and all claims that I may have under the labor code in California and/or between the dates of April 24, 2005 to April 15, 2011 are not barred. Should you need anything further please contact me at the phone number above, as I expect my address will be changing soon.

Sincerely,

*Deborah Chester*
Deborah Chester

CC: Attorney Timothy Brock McClellan(Via U.S. Mail Only)

Fabiola R. Heindel

#3000101-3
OPT-OUT
7/25/11
RD

Seielstad v. Aegis Senior Communities, LLC
case No. CV-09-1797 MMC
Morris v. Aegis Senior Communities, LLC
case No. CV-10-2060 MMC

Aegis Claims Administration
c/o Gilardi and Co. LLC
Present

I, Fabiola R. Heindel, am requesting to be excluded from the Settlement in Seielstad and Morris cases.

Sincerely,

Fabiola R. Heindel
7/17/2011

Opt-out
#3001987-7
6/10/11

June 1, 2011

To Whom It May Concern;

I, Shannon Massey, wish to be excluded from the Settlements in both Seislstad v. Aegis Senior Communities LLC, Case No. CV-09-1797 MMC, and, Morris v. Aegis Senior Communities, LLC, Case No. CV-10-2060 MMC.

Sincerely,

*[signature]*

Shannon Massey

As of June 6, 2011 my new address will be as follows.

Shannon Massey

Pacifica CA 94044

*opt-out*
*# 2001870-3*
*6/10/11*

# Aegis Claims Administration

**June 1, 2011**

**Attention to whom it may concern:**

**I, Cecilia Ojeda De Polo at                    Irvine Ca. 92620            am requesting to be excluded from the Settlement in Seielstad and Morris.**
**Case No. CV-09-1797 MMC**
**Case No. CV-10-2060 MMC**

**I had no problem with this company in time that I work there. They treated me fairly.**

**Regards,**

**Cecilia Ojeda De Polo**

*[signature]*

OPT OUT
#2000013-
7/5/1

June 28, 2011

Seilstad v. Aegis Senior Communities .LLC
U.S. District Court, Northern District of California Case No. CV-09-1797 MMC
And
Morris v. Aegis Senior Communities, LLC
U.S. District Court, Northern District of California, Case No .CV-10-2060 MMC)


Christine Schoonveld


Dear Claims Administrator:


I Christine Schoonveld hereby request to opt out of the class action lawsuit entitled Seielstad v.Aegis Senior Communities .LLC Case No. CV-09-1797 MMC and Morris v. Aegis Senior Communities, LLC, Case No .CV-10-2060 MMC). I'm also requesting to exclude myself from the Settlement Seielstad and Morris.

Sincerely,

Christine Schoonveld


Aegis Claims Administration
C/o Gilardi & Co.LLC
P.O. Box 8090
San Rafael, CA 94912-0890